# W. C. No. 73, P. O. S. of A. *v.* Thomas.

*Principal and surety—Balance due by treasurer—Question for jury.*

In a suit on a treasurer's bond the sureties set up as a matter of defense a loan to the treasurer by the association; as this important fact was denied and as there was no minute or conclusive written evidence of any such arrangement, the question was exclusively for the jury.

Argued Dec. 7, 1899. Appeal, No. 157, Oct. T., 1899, by defendants in a suit of W. C. No. 73, P. O. S. of A. against S. P. Thomas, Jos. R. Thomas and Jere Fessler, from judgment of C. P. Schuylkill Co., July T., 1894, No. 278, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by ORLADY, J.

Assumpsit. Before BECHEL, P. J.

It appears from the record that this was an action on the bond of S. P. Thomas, treasurer of plaintiff association for the balance due at the expiration of his term of office. There was evidence on behalf of defendant tending to show, although said evidence was contradictory, that prior to the assumption of this obligation by the sureties that Thomas, the treasurer, had borrowed the sum of $600 from the association for which he had been paying them interest at the rate of five per cent per annum.

Defendants submitted, among others, the following point:

[2. Under all the evidence in this case there can be no verdict against Jere Fessler and Joseph R. Thomas, the sureties. *Answer:* This we refuse.] [1]

The court charged the jury in part as follows:

[If, on the other hand, you find that the $600 had not been so loaned to S. P. Thomas by the Camp prior to that time, that is, January 1, 1891, and not so used by him with the consent of the Camp, and not so misappropriated or embezzled prior to the 1st day of January, 1891, but that the same was in his hands as treasurer, then you must render a verdict in favor of the plaintiff and against all the defendants for the whole

amount of the claim with legal interest from the time it became due and payable to this date.] [2]

Verdict and judgment for plaintiff for $647.50. Defendants appealed.

*Errors assigned* were (1) in refusing defendants' second point, reciting same. (2) To a portion of the judge's charge,. reciting same.

*C. E. Berger*, for appellants.

*Chas. N. Brumm*, with him *George Dyson*, for appellee, presented no paper-book.

OPINION BY ORLADY, J., April 23, 1900:

Samuel Thomas was duly elected treasurer of the plaintiff association, to serve until the last day of January, A. D. 1892, and on January 1, 1891, in compliance with the rules of the association, he executed and delivered a bond in the sum of $2,000 with the conditions, " that for and during the above mentioned term of office, and for and during any one or more subsequent terms for which he may be hereafter elected treasurer . . . . and until he shall deliver all the property which he may have received as such treasurer . . . . he shall pay and deliver over to his successor in office· . . . . all such balance, or sums of money, goods and chattels which shall appear to be in his hands and due from him to the said camp," etc. Joseph Thomas and Jere Fessler, the other defendants, signed the bond as sureties.

On January 19, 1894, the books of the treasurer showed a balance in the treasury of $677.07, and suit was brought to recover this amount. The defense of the sureties was that about April 1, 1890, S. P. Thomas, who was then and for many years prior thereto had been treasurer of the association, borrowed from it $600 of the money then in his hands as treasurer, on which he was to pay interest at five per cent. This important fact was denied, and there was no minute or conclusive written evidence of any. such arrangement. In affirming the defendant's first point the court fully guarded the rights of the sureties, and in striking from the verdict the sum

of $112.50 they receive credit for the interest that was paid by the treasurer. The theory of the sureties was not adopted by the jury, and the verdict is in exact accord with the entry made by the treasurer in his own books.

The judgment is affirmed.